

# NUMBER 13-25-00227-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE R. WAYNE JOHNSON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Chief Justice Tijerina[1]

By pro se petition for writ of mandamus, relator R. Wayne Johnson seeks to compel the trial court to vacate an order signed on June 14, 2001, in cause number 2001-1159-0-CV-B in the 156th District Court of Bee County, Texas. However, relator has been designated as a vexatious litigant subject to a prefiling order. *See* Office of Court Administration*, List of Vexatious Litigants Subject to Prefiling Order*, *available at*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

https://www.txcourts.gov/judicial-data/vexatious-litigants (last updated May 14, 2025); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(b). According to the list compiled by the Office of Court Administration (OCA), relator was found to be a vexatious litigant in the underlying trial court proceedings and in two other cases originating from Harris County, Texas, and Travis County, Texas.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.3, 52.7(a).

The Texas Civil Practice and Remedies Code permits a court to designate a plaintiff as a vexatious litigant if the defendant proves that: (1) in reasonable probability, the plaintiff will not prevail in the case against the defendant; and (2) the plaintiff has a history of pro se litigation covered by the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054; *Serafine v. Crump*, 691 S.W.3d 917, 920 (Tex. 2024) (per curiam); *In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019) (orig. proceeding) (per curiam). Generally, "a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro

2

se, by a vexatious litigant . . . unless the litigant obtains an order from the appropriate local administrative judge . . . permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a); *see id*. §§ 11.101, 11.102(a); *Reeves v. Cent. Hous. Nissan*, 617 S.W.3d 676, 678 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Amrhein v. Bollinger*, 593 S.W.3d 398, 404 (Tex. App.—Dallas 2019, no pet.).

In this case, relator did not file a record or appendix in support of his request for mandamus relief. *See generally* TEX. R. APP. P. 52.3, 52.7(a). More specifically, relator did not support his petition for writ of mandamus with an order from the appropriate local administrative judge granting relator permission to proceed with the filing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102. On April 28, 2025, the Clerk of the Court advised relator by certified mail that the Court would dismiss this petition for writ of mandamus unless relator filed such an order with the Court within ten days from the date of his receipt of the letter. *See id.* §§ 11.102, 11.103, 11.1035. Relator did not file such an order and did not otherwise respond to the Clerk's directive.

The Court, having examined and fully considered the petition for writ of mandamus, the applicable law, and the foregoing events, is of the opinion that this original proceeding should be dismissed. Accordingly, we dismiss relator's petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
16th day of May, 2025.

3